UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER,

        Plaintiff,                        Case No. 1:12-cv-926

v.                                                      Honorable Gordon J. Quist

ERICA HUSS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Curtis Fuller, a/k/a Raleem-X, presently is incarcerated with the Michigan Department of Corrections at the Ionia Maximum Correctional Facility (ICF). He sues the following

ICF employees: Deputy Warden Erica Huss; Inspector Betty Goodson; Sergeant (unknown) Kelly; and Corrections Officer (unknown) Ross.

On February 14, 2012, as part of a systematic cell and property search of housing unit 5, Defendants Ross and Kelly removed Plaintiff from his cell and took him to a detention area to be strip searched. While Plaintiff was being searched by another officer, Ross and Kelly returned to the unit to search Plaintiff's cell and property. After an hour of searching, Ross and Kelly determined that Plaintiff had too much legal property to examine at that time. They informed Plaintiff that they planned to remove Plaintiff's two legal property footlockers for further examination, and they told Plaintiff that the legal work would be returned in two days. Plaintiff asked Ross and Kelly to issue a notice of intent or a contraband removal report before removing the documents. Plaintiff implies but does not state that they declined to do so.

Plaintiff saw Ross carry one of the footlockers upstairs, and he saw an unknown officer carry a large bag of Plaintiff's legal work from the unit. When Plaintiff returned to his cell, he found that all of his legal work concerning his convictions had been removed. Plaintiff complains that the removal of the legal work prevented him from working on his criminal appeals. He also complains that legal documents related to unspecified civil actions also were removed and "stolen." (Compl. ¶¶ 30-31, docket #1, Page ID#8.) According to Plaintiff, he was hindered in conducting his legal work and, when certain unspecified cases were dismissed by the courts, he was unable to appeal because he did not have all of his legal files.

On February 14, 2012, Plaintiff sent a "letter of notice" to Defendants Huss and Goodson, complaining that Ross and Kelly had committed theft by taking his documents and legal footlockers. (*Id.* ¶ 32.) He sent another complaint on February 22, 2012. Huss and Goodson took no action on the complaints.

Plaintiff alleges that Defendants' actions violated his First Amendment right of access to the courts. He also alleges that the taking of his property violated his right to due process under the Fourteenth Amendment. Plaintiff seeks compensatory and punitive damages, together with declaratory relief.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Huss and Goodson, other than his claim that they failed to conduct an investigation in response to his grievances or notices. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Huss and Goodson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Due Process

Plaintiff complains that he was deprived of his property without due process, in violation of the Fourteenth Amendment.[1] Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon the allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are

---

[1] Plaintiff does not specifically allege that he was permanently deprived of his property. Instead, his allegations arguably suggest that the deprivation was temporary, while the officers conducted a search of the documents to ensure they did not contain contraband. For purposes of this decision, however, the Court has assumed that the deprivation was permanent.

available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Mar. 21, 2011). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim will be dismissed.

### C. Access to the Courts

Plaintiff alleges that he was denied access to the courts when Defendants took his legal work, thereby preventing him from pursuing his criminal appeals and certain unspecified civil actions. It is well established that prisoners have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury" to his pursuit of a legal claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include the requirement that the action be non-frivolous). Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416.

Beyond his conclusory assertion of injury, Plaintiff fails to describe what litigation, if any, was hindered by the actions of Ross and Kelly. Although Plaintiff alleges that he was

pursuing appeals of his criminal convictions, Petitioner had no pending criminal appeals at the time of the alleged events. Plaintiff currently is incarcerated on convictions for armed robbery, assault with intent to commit great bodily harm and weapons convictions from 1990 and 1997. He also is incarcerated on 2003 convictions for assault with intent to murder and assault with intent to commit great bodily harm, both of which were related to his assault on prison guards in 1999.[2] All appeals had been exhausted in those cases, the most recent of which (the appeal of the 2003 convictions) was rejected by the Michigan Supreme Court on August 1, 2005. *See People v. Fuller*, No. 127597 (Mich. Aug. 1, 2005).[3] In addition, Plaintiff's federal habeas corpus challenge to his 2003 convictions was denied on the merits on September 20, 2008. *See Fuller v. Bergh*, No. 2:05-cv-233 (W.D. Mich.) (docket #49). Petitioner was denied a certificate of appealability in the Sixth Circuit on April 6, 2009, and the United States Supreme Court denied certiorari on January 19, 2010 and rehearing on April 5, 2010. *See id.* (docket ##55, 57, 58.)[4]

       Further, Plaintiff fails entirely to identify the nature of any civil actions that may have been pending at the time of the alleged events. His conclusory assertion that some unspecified action was dismissed by some unidentified court on an unknown date falls far short of the allegations required to demonstrate actual injury to a nonfrivolous civil rights action under *Christopher*, 536 U.S. at 416, and *Lewis*, 518 U.S. at 353.

---

[2] This information has been taken from the Offender Tracking and Information Service (OTIS), an electronic database maintained by the Michigan Department of Corrections. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx? mdocNumber=211080 (Sept. 11, 2012).

[3] The public docket sheet and orders are maintained by the Michigan Court of Appeals in electronic format. *See* http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=248948 (Sept. 11, 2012).

[4] Moreover, even if Plaintiff had not yet filed a habeas action respecting his other convictions, habeas relief would have been barred by the statute of limitations by the date of Defendants' alleged conduct. *See* 28 U.S.C. § 2244(d)(1).

For all these reasons, Plaintiff's complaint fails to state an access-to-the-courts claim against any Defendant.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: September 28, 2012

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE